UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:10CV00138 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is a motion under 28 U. S. C. § 2255 to vacate, set aside or correct sentence by Edward Sanchez, a person in federal custody. On March 6, 2009, Sanchez plead guilty before this Court to the offense of possession with intent to distribute 50 grams or more of a substance containing methamphetamine, and on September 11, 2009, this Court sentenced Sanchez to the Bureau of Prisons for a term of 135 months, a sentence within the sentencing guideline range. Sanchez's § 2255 action, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

I.  PROCEDURAL HISTORY

On December 4, 2008, SEMO Drug Task Force Officers (TFOs) and a confidential informant (CI) met with Edward Sanchez and Tina Christine Esquivel in Advance, Stoddard County, Missouri. (Plea Stip, p. 9) The CI had previously made arrangements with Sanchez to deliver an amount of methamphetamine. *Id*. While Sanchez and the CI were speaking, one of the TFOs observed Esquivel, who was sitting in the front passenger seat of the vehicle, remove a package from her purse and hand it to the CI. (Plea Stip, p. 10) located inside of the package was what later tested positive at the DEA Laboratory as 55 grams of a substance containing 17.7

grams of actual methamphetamine. *Id*.

Sanchez and Esquivel were arrested by officers and both were advised of their rights pursuant to Miranda. Sanchez admitted that there was another package of methamphetamine concealed in the vehicle. *Id*. Ms. Esquivel indicated that the package was hidden somewhere in the dash of the vehicle, but that she was unsure of its exact position. *Id*. A second package of methamphetamine was located where it had been concealed in a passenger side air vent in the dashboard. *Id*. That second package of methamphetamine was also tested at the DEA Laboratory and determined to contain 109 grams of a substance containing 48.5 grams of actual methamphetamine. *Id*.

Initially charged by complaint, Sanchez and Esquivel were indicted on one count of possession of more than fifty grams of methamphetamine with intent to distribute by the Federal Grand Jury sitting at Cape Girardeau on December 11, 2008. (Document 13) Sanchez ultimately pleaded guilty as charged under the terms and conditions of a written plea stipulation with the United States. (Plea Stip) A presentence report was prepared which recommended that Sanchez was a career offender. (PSR ¶¶ 28-29) Sanchez has a 1992 conviction for Indecency with a Child for touching the genitals of a five year old female, and a 1999 conviction for possession with intent to distribute cocaine. (PSR ¶¶ 32, 34) As a result, the recommended total offense level was 34 and the criminal history category was VI. (PSR ¶¶ 29, 41)
At sentencing, Sanchez objected to his classification as a career offender, arguing that Indecency with a Child did not constitute a "crime of violence" purposes of the enhancement. (Document 71) The Court agreed and reduced Sanchez's total offense level to 29 and his criminal history category to III. (TRS, pp. 19-20)  The new advisory guidelines range was

determined to be 120 to 135 months of incarceration.(TRS, p. 20) After hearing statements and arguments the Court sentenced Sanchez to the high end of the advisory guidelines range, 135 months of incarceration, eight years of mandatory supervised release and a $100 special assessment. (TRS, p. 30)

II.     NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. §2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id*. at 225-6.  See also, *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

III.   BURDEN OF PROOF - INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001).  While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. " *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (*citing Strickland, 466 U.S. at 689*)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome." *Id*. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710,

712 (8th Cir. 1997)

IV.   DISCUSSION

Sanchez alleges in his first ground for relief that his guilty plea was involuntary because he accepted "misleading" advice from his attorney concerning the sentence that he would receive.

> Attorney told me that the most time I would receive would be (7) seven years period. So I took my attorney advice and pleaded, only to find out that my attorney lied to me and got me a 135 months. (§ 2255 Motion, p. 7)

This claim is totally without merit, as is clearly reflected by the record.  The written plea stipulation and agreement (Plea Stip) that Sanchez entered into with the government clearly sets out the possible penalties for this offense, including the 120 month mandatory minimum.

> The defendant fully understands that the statutory maximum possible penalty provided by law for the crime to which the defendant is pleading guilty to as charged in the Indictment, and as set out in the notice filed pursuant to Title 21, United States Code § 851 herein, is imprisonment of not more than life, a fine of not more than $4,000,000.00, or both such imprisonment and fine. The Court "shall" also impose a period of supervised release of at least eight (8) years. The defendant fully understands that by law, the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least ten (10) years, as set out in the notice filed pursuant to Title 21, United States Code § 851 herein.  (Plea Stip, p. 11)

During the plea colloquy, this Court inquired of Sanchez as to whether there were any other promises made to him.

> The Court:  Have any promises been made by anyone to get you to plead guilty other than the promises set out in this plea agreement?
>
> Sanchez:  No, sir. (TRS, p. 6)

Later this Court specifically inquired about Sanchez's understanding of the possible

penalties in the case.

> The Court:  ...I'm not going to be bound by the sentencing guidelines at all. The only thing I'm going to be bound by is the statutory range of punishment for this offense. You understand that?
>
> Sanchez:  Yes, sir.
>
> The Court:  And in this case the range of punishment is imprisonment of not more than the lifetime or a fine of not more than four million dollars or both the imprisonment and fine. You understand that's the range of punishment then, sir?
>
> Sanchez:  Yes, sir. (TRS, p. 7)

This Court also inquired about Sanchez's understanding of both the applicability of the 120 month mandatory minimum sentence, and the maximum possible sentence.

> The Court:  And then there's also a mandatory minimum term of imprisonment of at least ten years. Do you understand that as well?
>
> Sanchez:  Yes, sir.
>
> The Court:  That's your understanding, that you're at least subject to ten years, that's the minimum sentence.
>
> Sanchez:  Yes, sir.
>
> The Court:   I want you to understand that and that the Court may well impose a life sentence. Do you understand that?
>
> Sanchez:  Yes, sir.
>
> The Court:  You still wish to plead guilty?
>
> Sanchez:  Yes, sir. (TRS, p. 8)

The record reflects that Sanchez was clearly aware of the possible penalties which he was facing, and there is no evidence to suggest that he was promised a sentence below the mandatory

minimum. Even if his attorney had suggested that he would ultimately receive a lower sentence, that would not constitute ineffective assistance of counsel. A defendant's reliance on his counsel's opinion as to the calculation of defendant's sentence would not make a defendant's plea involuntary, where the record reveals that the defendant was fully informed and knowingly and voluntarily pleaded guilty. *See, Hollis v. United States*, 687 F.2d 257, 260 (8th Cir. 1982); *Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir. 1990).

The record conclusively shows that Sanchez is not entitled to relief on this ground. This ground shall be denied without the necessity of an evidentiary hearing.

B.

In ground two, Sanchez makes a generalized allegation of a "Brady" violation, without any specific claim of what material was withheld or any proffer of evidence that would, if believed, tend to show that to be the case. Sanchez states the complaint as being only, "Prosecutorial Misconduct which violated the Brady Material." (§ 2255 Motion, p. 7) For supporting facts Sanchez states:

> Defendant contends that the government will be charged with knowledge of Brady material in the hands of state authorities, if the state and federal government are acting as a "team", are participating in a "joint investigation" or are sharing resources, or if the government has "ready access' to the material. This above mention act by the government did prejudiced defendants defense. The Government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct its defense. (2255 Motion, pp. 7-8)

While this may be a correct statement of horn book law in this area, this allegation fails to state a cause of action. Typically an allegation of a "Brady" violation consists of a specific claim of governmental action that has harmed the defendant, for example; "The government was

aware at the time of my plea that the victim had recanted their initial statement that I was the person who committed the crime, but failed to disclose that fact."

In his motion, Sanchez fails to say what evidence he believes that the government has withheld from him, how that supposed lack of disclosure harmed him or why he believes that the government withheld evidence in the first place.

In his reply to the government's response in opposition, Sanchez for the first time identifies one Brian C. Nalley as a confidential informant in the case and claims that Nalley was a "Texas parolee" who "was illegally employed by the SEMO Drug Task Force."  He maintains that "no person who is on parole in Texas can ever be a confidential informant," citing to what appears to be a "Certificate of Parole" form from the Texas Department of Criminal Justice. This information, however, does not constitute "Brady" material because there is no claim that the information had been withheld from him or his lawyer, and in any event, there is no claim that the federal government was prohibited from using Nalley as a confidential informant even in view of the certificate of parole.  Furthermore, Sanchez fails to allege that Nalley did not obtain "specific written approval of the Parole Division Director," which is an exception to the prohibition that would have permitted Nalley to become a CI.

Because Sanchez has not stated a basis upon which he could legitimately claim relief, this ground shall be dismissed without the necessity of an evidentiary hearing.

C.

In ground three, Sanchez alleges that his attorney was ineffective in that he failed "to do an independent investigation toward" his sentencing, which harmed his case, in that there was information "which could have been used to assist the government with a downward departure"

in his case. (§ 2255 Motion, p. 8)

At the time of sentencing this Court inquired as to whether or not Sanchez had any objections to the Presentence Investigation Report that was on file in his case, other than objections relating to his career offender status, and no other objections were made. (TRS, p. 12) Sanchez was also given an opportunity to make a statement in allocution, during which he did not register a complaint about how his attorney prepared for the sentencing. (TRS, p. 27-28)

Sanchez is not specific about what "information" his counsel supposedly failed to uncover and present to the court, but does state that it related to his attempt to assist the Government. (§ 2255 Motion, p. 8) The fact that he attempted to assist the Government is clear from the record made at sentencing. Sanchez told the Court at the time of allocution that he and the co-defendant were trying to cooperate.

> I put myself -- well, I don't want to say I put myself at risk but my poor wife has put herself at risk. We tried to cooperate. We tried to call the [drug suppliers] the next day. I'm trying to give them what they wanted. The phone calls were originally to get the drug dealers in Texas and my wife and I will do anything possible to give them what they want and also the people in the area as well. We have -- of course, I'm not from this area but some friends here. Of course, I've given some other information to Mr. Gregory who my wife had called on the telephone and said that he was interested and Mr. Steve, I talked to Mr. Steve, the other marshal.... (TRS, p. 28)

In fact while Sanchez made efforts at cooperation, none of those efforts were successful according to an affidavit submitted by DEA Special Agent Larry Gregory attached to the government's response.  In short, Sanchez was not the recipient of a government sponsored motion for downward departure because he never provided substantial assistance. The written plea stipulation and agreement that Sanchez signed clearly anticipated this possibility.

> The defendant has offered to assist the government in its ongoing investigation.

-9-

> However, the defendant has not provided substantial assistance at this time. At or near the time of sentencing, the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines or Title 18, United States Code, § 3553, or both. The defendant fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for downward departure. The defendant further understands that there will be no downward departure without a motion by the government. The defendant further understands that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance. The defendant understands that even if the information provided is truthful and complete, it will not be substantial assistance if the government regards the information to be insufficiently significant or insufficiently helpful. (Plea Stip. p. 6)

Furthermore, even if his attorney did not investigate the results of Sanchez's proffer interview, that failure would not constitute grounds for relief, in that Sanchez never provided substantial assistance to the government, so Sanchez has suffered no prejudice from the alleged ineffectiveness of his attorney in further investigating the matter. *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

In his reply to the government's response in opposition, Sanchez for the first time also complains that his counsel failed to discover that Sanchez "only had one prior felony and not two which was alleged." Suffice it to say that Sanchez offers no support whatsoever for this claim and that the record conclusively refutes it.

This ground also shall be dismissed without the necessity of an evidentiary hearing.

D.

In his fourth and final ground for relief, Sanchez states that his counsel was ineffective due to his failure to conduct "an independent investigation before plea". (2255 Motion, p. 8) Once again Sanchez fails to state what exactly counsel failed to do, or specifically how that

-10-

served to prejudice his defense. The record however clearly reflects that this allegation is without merit. In the written plea stipulation that Sanchez entered into he agreed:

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses. (Plea Stip, p. 14)

Likewise during the plea colloquy, the Court specifically inquired about Sanchez's satisfaction with the investigation that his attorney had done on his behalf.

> The Court:  ...Mr Tilsen is a lawyer that the Court has appointed to represent you. Are you satisfied with the way he's handled your case?
>
> Sanchez:  Yes, sir.
>
> The Court:  Do you have any gripes or complaints about the way he's represented you?
>
> Sanchez:  No, sir.
>
> The Court:  Has he investigated the case to your satisfaction?
>
> Sanchez:  Yes, sir.
>
> The Court:  Has he talked to the witnesses, if there were any, that you told him about?
>
> Sanchez:  Yes.
>
> The Court:  No complaints whatsoever?
>
> Sanchez:  No, sir.  (TRS, pp. 3-4)

Nor does the record provide a clue concerning what, if anything, that Sanchez could have wanted investigated that would have made a difference in the case anyway.  Sanchez had no disagreement with the factual basis for the plea of guilty as he told the Court at the time of the

-11-

guilty plea.

>The Court:   Mr. Sanchez, have you heard the statements of the government's attorney?
>
>Sanchez:  Yes, sir.
>
>The Court:   Is everything he said true and accurate?
>
>Sanchez:  Yes, sir.
>
>The Court:  You admit all of that conduct?
>
>Sanchez:  Yes, sir.  (TRS, pp. 9-10)

Likewise, Sanchez had no objection to the information set out in the presentence report, other than the aforementioned issue concerning his criminal history category. (TRS, p. 12)  In short, Sanchez has provided no specific allegations of what his attorney failed to do or how that may have harmed his case.

In his reply to the government's responses in opposition, Sanchez again invokes his claim that the government unlawfully employed a "Texas parolee" as a confidential information.  For the same reasons as stated in part IV. B., this claim has no merit.

As the record clearly reflects that Sanchez is not entitled to relief on this basis, this ground shall be dismissed without the necessity of an evidentiary hearing.

V.

For the foregoing reasons, Sanchez's § 2255 motion is **DENIED**.

**SO ORDERED** this 26th day of October, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE